THE SAVANNAH AND OGEECHEE CANAL COMPANY v. THE SUBURBAN AND WEST END RAILWAY COMPANY.

On the facts in the record, there was no abuse of discretion in denying the injunction prayed for.          Judgment affirmed.
December 18, 1893.

Petition for injunction. Before Judge FALLIGANT. Chatham county. August 23, 1893.

The canal company prayed that the railway company be enjoined from attempting to construct a bridge over petitioner's canal, and from obstructing or in any manner interfering with the rights of petitioner in the premises; and that defendant be enjoined from attempting to build the approaches to the bridge over petitioner's right of way, and from operating its railroad over said bridge or its approaches. The injunction was denied. The petition alleged: Petitioner is a corporation, owning in fee simple a canal connecting the Savannah and Ogeechee rivers. Defendant is a corporation, created for the purpose of operating a street railroad in Savannah and to such suburban points as it may select. It is about to construct a bridge over petitioner's canal, at a point immediately south of the intersection of the canal with the Louisville public road in Savannah, without any authority of law or without even offering to compensate petitioner. If defendant is permitted to bridge the canal, petitioner will suffer irreparable damage. Defendant is about to build the approaches to its bridge over the right of way of petitioner, and is about to operate its railroad over the bridge and over the approaches thereto.

Defendant answered: Under its charter it has the right to use any street in Savannah and any public road in Chatham county, under the permission granted it by the mayor and aldermen of Savannah or the county commissioners. It has obtained the permission from the mayor and aldermen for the use of Railroad street, a part of which is also known as the Louisville road, and by virtue of this permission has constructed a bridge across complainant's canal where the canal crosses Railroad street or Louisville road, the bridge being constructed within the width and limits of such street or road. Under its charter defendant has the right to construct and maintain bridges, and the bridge so con-

v 93-16

structed does not obstruct or impede free navigation of the canal. There has been no damage, irreparable or otherwise, to petitioner by the construction of the bridge. Defendant is absolutely solvent and fully able to respond to any damages. It denies that the approaches to the bridge interfere with or are over any right of way of petitioner. On the contrary, the bridge is erected over the canal where the canal intersects Railroad street and the Louisville road, which two highways unite at the point where the canal intersects them, as shown by the plan of the locality attached. The street and road mentioned are public highways intersected by the canal, and petitioner has never had or acquired any right of way over or across said highways. The approaches to the bridge would not interfere with or obstruct the use of said street or road, or the crossing of them by any vehicle or person. The approaches have been laid out and will be so completed as not to interfere with or obstruct the use of the street or road in any manner. Said approaches will be within the highway, even with and alongside of the approaches to the city bridge across the canal, and contiguous to the city bridge, and will correspond in grade with the approaches to the city bridge, and cannot interfere with, hinder or obstruct plaintiff any more than the approaches of the city bridge would. If the alleged right of way is claimed as a towpath, said approaches will not in any manner prevent the crossing of the same by any team or tow-line; but a continuous tow-path is obstructed, within about five feet of defendant's bridge, by the bridges or arches of the Central Railroad & Banking Company, which span the canal about fifteen feet north of the city bridge. Defendant says, on information and belief, that the Central Railroad & Banking Company is the principal if not the sole owner of the stock of petitioner, and is opposed to the building of defendant's road across the track

of the Central railroad on the Augusta road, although defendant has the charter right to lay its track in said public road and to cross the track of the Central railroad on grade level; and the opposition to crossing the canal is only a means adopted by the Central railroad to frustrate the building of defendant's road. The stockholders of petitioner have ceased to keep the canal open for navigation, and have practically abandoned the canal as a means of navigation, except so much of the basin of the canal near the Ocean Steamship Company's wharves, as is used by the Central railroad to facilitate the handling of freight and transfer of the same in connection with its management of the steamship company.

On behalf of defendant was submitted an affidavit of Thomas, that he is a civil engineer; that the map accompanying his affidavit is a correct delineation of the plan of the bridges of the Central railroad, and of the city of Savannah, and of defendant, across the canal, and their location in reference to the highways, Railroad street on the east and Louisville road on the west; that he is the engineer of the defendant and superintended the building of the bridge; that by actual measurement made by him, the bridge is as long as, and three inches higher than, the bridge next thereto erected by the city of Savannah or Chatham county, and used by the public to cross the canal, where the canal intersects Railroad street and the Louisville road; that defendant's bridge is not an obstruction or an impediment to the free navigation of the canal; and that the bridge was built for at least a week prior to May 11th, 1893. Also the affidavit of another civil engineer, that the map or plan accompanying his affidavit was a correct delineation of the plan of the bridge of the railroad, of the city of Savannah, and of defendant, and their location in reference to the highway intersected by the canal.

On behalf of the plaintiffs was introduced an affidavit,

that the map attached to the affidavit was a true representation of defendant's bridge over the canal, at a point immediately south of the intersection of the canal with the Louisville road, as it was on May 16th, 1893; and that since that day to May 20th, 1893, that status at that point had not been altered. Also, affidavit that the paper attached thereto came from the custody of petitioner, and covered that part of the right of way lying between its basins and the Savannah river. This paper was the award of three appraisers, one appointed by the Savannah, Altamaha & Ogeechee Canal Company, one appointed by Stiles, and one by the superior court, as stated in the award, for the purpose of appraising the value of certain land belonging to Stiles through which the canal passed, and awarding to him the price of the same. The award contained an appraisement of certain land described, at valuations fixed in the award, and was signed by the appraisers March 14th, 1837. It was accompanied by a certificate of a magistrate, that the appraisers appeared before him and made oath to the award, and by an acknowledgment of legal service of the award and notice according to the statute by the secretary and treasurer of the canal company; also by certificate of the clerk of the superior court of Chatham county, that the paper was a true copy of the award rendered, and that the original was of file and record in his office.

LAWTON & CUNNINGHAM and T. M. CUNNINGHAM, Jr., for plaintiff. J. R. SAUSSY, S. L. LAZARON and HENRY McALPIN, for defendant.